## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ELAINE ROBIHO, AZALEE GRAHAM, ELIAS ALGAWARES, VICTOR HARPER, AND LIMMIE SIBLEY, III,** | * * * | **CIVIL ACTION** |
| | * | **NO. _____** |
| **Plaintiffs,** | * | **SECTION _____** |
| **VERSUS** | * | **MAGISTRATE ____** |
| **UNIVERSITY HEALTH CARE SYSTEM, LLC, d/b/a TULANE UNIVERSITY HOSPITAL AND CLINIC, AND GE HEALTHCARE IITS USA CORP.,** | * * * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

APPEARING through undersigned counsel pursuant to the provisions of 28 U.S.C. § 1332(a) and 1441, *et seq.*, GE Healthcare IITS USA Corp. (hereafter "GE Healthcare"), a defendant, respectfully removes from the Civil District Court for the Parish of Orleans, State of Louisiana, in which this case is now pending under the name and style *Elaine Robiho, Azalee Graham, Elias Algawares, Victor Harper, and Limmie Sibley, III v. University Health Care System, LLC, et al.,* Civil Action No. 2011-2677, Division "M-13" (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendant avers as follows:

This matter is being removed by Defendant, GE Healthcare, on the basis of diversity under 28 U.S.C. § 1332(a) because the only properly joined parties to this action have diverse

citizenship, and the jurisdictional amount in controversy is satisfied.  Defendant, GE Healthcare is a citizen of different states from all of the plaintiffs.  The other defendant, University Healthcare System, LLC, d/b/a Tulane University Hospital and Clinic, was improperly joined, because it is a qualified health care provider under the Louisiana Medical Malpractice Act, and is allegedly liable for medical malpractice, and as such is subject to review by a medical review panel prior to being made a defendant.

This action is a civil action at law in which the plaintiffs allege that they were exposed to infectious diseases, namely HIV, Hepatitis B and Hepatitis C, during the course of endoscopic examinations performed between October 7, 2010, and December 1, 2010.  Plaintiffs allege that the defendants failed to properly sterilize equipment utilized during their examinations, causing the alleged exposure.  Plaintiffs seek certification of a class of persons "too numerous to mention" who were "affected because of the negligence of the defendant."[1]

At least six different class action petitions have been filed alleging similar facts to those alleged in the above-captioned matter.[2]  These cases were consolidated for trial, although each case is separately identified by a unique case number and parties.  GE Healthcare is a defendant in only the instant matter, *Elaine Robiho, Azalee Graham, Elias Algawares, Victor Harper, and Limmie Sibley, III v. University Health Care System, LLC, et al.,* Civil Action No. 2011-2677,

---

[1] *See* Plaintiffs' Original Petition for Damages, attached hereto as Exhibit "1".

[2] *See John Doe and Jane Doe v. University Healthcare System, L.L.C. d/b/a Tulane University Medical Center and Clinic and Indemnity Clinic* [sic], No. 2011-1924, Civil District Court for the Parish of Orleans, Class Action Petition for Damages, attached as Exhibit "2", and Unopposed Motion and Incorporated Memorandum to Transfer and Consolidate Cases, and Order granting same, attached as Exhibit "3", *Jane Doe, Anne Doe, John Doe, and Mary Doe, Individually and on behalf of all others similarly situated v. University Healthcare System, L.C. d/b/a Tulane University Medical Center and Indemnity Clinic* [sic], No. 2011-2674, Civil District Court for the Parish of Orleans, Petition for Damages, attached as Exhibit "4"; *John Smith v. University Healthcare System, L.C., d/b/a Tulane University Hospital and Clinic and Health Care Indemnity, Inc.*, No. 2011-6598, Civil District Court for the Parish of Orleans, Class Action Petition for Damages, attached as Exhibit "5"; *Jane Doe v. University Healthcare System, L.C., d/b/a Tulane University Hospital and Clinic and Health Care Indemnity, Inc.*, No. 2011-7453, Civil District Court for the Parish of Orleans, Petition for Damages, attached as Exhibit "6".

and any reference herein to the State Court Action is intended to refer only to this matter, not to the consolidated matters, unless explicitly stated otherwise.

The plaintiffs named in this action are Elaine Robiho, Azalee Graham, Elias Algawares, Victor Harper, and Limmie Sibley, III.  Plaintiffs allege that each of the plaintiffs is a resident of the State of Louisiana, except Limmie Sibley, III, who Plaintiffs allege to be a resident of the State of Mississippi.[3]

The defendant named in the original Petition was University Healthcare System, LLC, d/b/a Tulane University Hospital and Clinic ("TUHC").  Plaintiffs have alleged that TUHC operated a hospital clinic in the Parish of Orleans, State of Louisiana.  TUHC, is, on information and belief, a limited liability company.  Plaintiffs allege that it is "organized to do and doing business in this parish and state."  The identity of the members of TUHC, and their citizenship, are unknown to GE Healthcare.  For purposes of this Notice of Removal, the citizenship of TUHC and its members is irrelevant, as TUHC was improperly joined (*see infra*).

GE Healthcare was first named as a defendant in the Second Supplemental and Amending Petition.  It is a Vermont corporation with its principal place of business in the State of Vermont.

**A.     Complete diversity exists between the plaintiffs and the properly joined defendant, GE Healthcare.**

On the face of the state court record, complete diversity of citizenship between the plaintiffs and all defendants would appear to be lacking.  However, TUHC, the defendant in this suit aside from GE Healthcare, was improperly joined, because the claims against the hospital defendants were subject to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, *et seq.*

---

[3] *See* Second Amended and Supplemental Petition for Damages, attached hereto as Exhibit "7".

and therefore review by a medical review panel is required before Plaintiffs could name TUHC as a defendant in a district court matter.

       1.       **TUHC was improperly joined.**

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." An in-state defendant is improperly joined with other defendants, and should be disregarded for the purpose of determining diversity of parties, when there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that defendant]." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

In comparable matters before this court in recent years, this Court has answered the question of whether a defendant similar to TUHC in this matter would be improperly joined if the plaintiff had not obtained the opinion of a medical review panel pursuant to the LMMA before filing suit. In both *Jones v. Centocor, Inc.,* 2007 U.S. Dist. LEXIS 84717 (E.D. La. 2007) and *Senia v. Pfizer, Inc.,* 2006 U.S. Dist. LEXIS 32555 (E.D. La. 2006), this Court held that health care providers against whom malpractice claims were alleged were improperly joined for the purpose of diversity jurisdiction. In *Jones* and *Senia,* as here, the plaintiff had initiated a complaint before a medical review panel with the Louisiana Division of Administration for medical malpractice against the health care provider at issue, but that complaint had not yet been resolved. A defendant with diverse citizenship from the plaintiff (and the in-state health care provider) removed the matter to federal court, asserting that the hospital was improperly joined

because a lawsuit could not be initiated against the hospital until the medical review panel had completed its review.  In each case this Court held that the in-state health care provider was improperly joined, and disregarded the hospital's citizenship for the purpose of evaluating diversity jurisdiction in that case.  The court denied the plaintiff's motion to remand.  *See also Fontenot v. Johnson & Johnson, et al.*, 2010 U.S. Dist. LEXIS 60163 (W.D. La., Apr. 30, 2010) (adopted by *Fontenot v. Johnson & Johnson,* 2010 U.S. Dist. LEXIS 60234 (W.D. La., June 17, 2010) (accord).

> a.   **A lawsuit against TUHC is premature before a decision is reached by a medical review panel.**

TUHC has filed an Exception of Prematurity in the Civil District Court for the Parish of Orleans in the State Court Action and the other cases with which it is consolidated, on the basis that Plaintiffs' claims are based upon alleged breaches of a duty owed by a hospital as part of its professional healthcare services rendered to its patients, and that, therefore, any alleged act and/or omission on the part of TUHC to provide or negligently provide "healthcare" amounts to allegations of medical malpractice and falls within the ambit of as set forth in the LMMA.[4]  The state court has not yet ruled upon the Exception.

TUHC is a qualified healthcare provider as defined by the Louisiana Medical Malpractice Act (hereinafter "LMMA"), and therefore subject to protection afforded to qualified healthcare providers under that law.  TUHC's status as qualified healthcare provider was demonstrated by TUHC's Certificate of Enrollment in a Patients' Compensation Fund, which TUHC attached to its Memorandum in Support of its Exception of Prematurity.[5]  Louisiana courts held that such certificate is "competent evidence to establish a prima facie case for the applicability of the medical malpractice law regarding claims against the party identified on the certificate." *Roark v.*

---

[4] *See* TUHC's Exception of Prematurity and Memorandum in Support of same, Attached as Exhibit "8".
[5] *See* TUHC's Certificate of Enrollment in a Patients' Compensation Fund, "Exhibit A" to Exhibit "8".

*Liberty Healthcare Sys., LLC*, 26 So. 3d 968, 973-974 (La.App. 2 Cir. 2009) (*citing* La. R.S. 13:3711, 3712; *Hill v. Brentwood Hosp.*, 480 So.2d 875 (La. App. 2d Cir. 1985); *Goins v. Texas Optical, Inc.*, 463 So.2d 743 (La. App. 4th Cir. 1985)).

Notably, **Plaintiffs in the State Court Action have implicitly acknowledged that this matter properly belongs before a medical review panel by initiating review by such a panel**. On information and belief, Plaintiffs have filed the exact complaint with the Patients' Compensation Fund as a medical malpractice matter, to be addressed by a medical review panel.[6]

In general, any conduct by a hospital complained of by a patient is properly within the scope of the LMMA if it can be said that it comes within the definitions of the act, even though there are alternative theories of liability.   See *Dominick v. Rehabilitation Hospital of New Orleans,* 97-2310 (La. App. 4 Cir. 4/15/98); 714 So. 2d 739, *Dinat v. Texada,* 09-665 (La. App. 3 Cir. 2/10/10), 30 So. 3d 1139; *Cashio v. Baton Rouge General Hospital,* 378 So.2d 182 (La. App. 1st Cir. 1979).  If this Court finds the provisions of the LMMA apply, Plaintiffs' Petition for Damages is premature.  See La. R.S. 40:1299.47.

The LMMA defines malpractice covered by the Act as follows:

> ***any*** unintentional tort or any breach of contract ***based on health care professional services rendered***, ***or which should have been rendered by a health care provider to a patient***, ***including failure to render services timely in the handling of a patient***, including loading and unloading of the patient and ***also includes all reasonable responsibilities of a health care provider arising from acts and omissions in the training or supervision of health care providers*** or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. (Emphasis added).

La. R.S. 40:1299.41(A)(10) (emphasis added).

---

[6] *See* Correspondence from Plaintiffs' counsel to the PCF dated March 15, 2011, attached hereto as Exhibit "9".

In *Cashio, supra,* the plaintiffs filed suit after a patient died from a staph infection contracted during coronary bypass surgery. The plaintiffs, much like the plaintiffs in this case, attempted to circumvent the LMMA by filing a lawsuit rooted upon the duty owed by a premises owner under La. C.C. art. 2317.  Defendant filed an exception of prematurity.  In reversing the trial court, the First Circuit held that the LMMA applied because "treatment" and thus "health care" includes furnishing a clean and sterile environment. *Cashio,* 382 So.2d at 184.  The court rejected plaintiffs' argument that the LMMA did not apply because the hospital was being sued as a premises owner rather than health care provider and because the hospital could be strictly liable under La. C.C. art. 2317.  Moreover, the Court specifically noted "a plaintiff cannot control the progress and procedure of his claim by semantically designating one capacity of two or more belonging to the defendant as the desired one when the statute requires a procedure if the claim fits within its definition." *Cashio,* 382 So.2d at 185.  Plaintiffs in this case have alleged premises liability in their Petition for Damages, presumably under Civil Code article 2317, however, as in *Cashio,* this case is rooted in medical malpractice and as such, allegations of premises liability or any other general negligence theory cannot circumvent the LMMA.

Aside from *Cashio,* other courts have found allegations centering on or arising out medical equipment issues constitute medical malpractice. *Renz* v. *Ochsner Foundation Hospital/Clinic,* 420 So.2d 1008 (La. App. 5th Cir. 1982); *Richardson* v. *Advanced Cardiovascular Systems, Inc.,* 865 F.Supp. 1210 (E.D. La. 1994). In *Renz,* the court held allegations pertaining to the malfunction of a medical life support system is part of "professional services rendered" and thus falls within the definition of malpractice. *Renz*, 420 So. 2d at 1010. In *Richardson,* the court found allegations concerning the failure of a balloon during an angioplasty procedure fit within the definition of "malpractice" and thus the plaintiffs' petition

for damages was premature. Here, this Court need focus on Plaintiffs' allegations in their entirety and not any single allegation standing alone. *Taylor* v. *Christus Southwestern Louisiana,* 04-627 (La. App. 3 Cir 11/10/04); 886 So.2d 696.

The scope of acts and omissions that are "treatment related" include maintaining safeguards to ensure the safety of vulnerable patients, as well as providing medical care consistent with appropriate standards.  *See Meseke v. St. Francis Medical Center*, 40,317 (La. App. 2 Cir. 10/26/05), 914 So. 2d 136, 139.  (the scope of activities that were covered by the LMMA included responding to a patient's call for assistance and transporting him to the bathroom).

### b. The *Coleman* factors warrant dismissal of Plaintiffs' claims against TUHC as premature.

The Louisiana Supreme Court set forth six factors in *Coleman* v. *Dena,* 2001-1517 (La.1/25/02); 813 So. 2d 303, to assist courts in determining whether certain conduct by a qualified health care provider constitutes malpractice as defined under the LMMA. The *Coleman* factors are:

a)  whether the injury was treatment related or caused by dereliction of professional skill;

b)  whether the wrong requires expert medical evidence to determine whether the applicable standard of care was breached;

c) whether the act involved assessment of the patient's condition;

d) whether the incident occurred in the context of the physician patient relationship or was within the scope of activities which a hospital is licensed to perform;

e) whether the injury would have occurred if the patient had not sought treatment; and

f) whether the tort was intentional.

*Coleman,* 813 So.2d at 315-316.

### i. As plead, the alleged injury was treatment related and/or caused by an alleged dereliction of professional skill.

Health care is defined in Louisiana Revised Statue 40:1299.41 as "any act or treatment performed or furnished, or which should have been performed or furnished by any health care provider for, to, or on behalf of the patient during a patient's medical care, treatment or confinement." One of the principal duties owed by a hospital to its patients is the furnishing of a clean and sterile environment. Indeed, the furnishing of such an environment is an integral component of the treatment which hospitals provide to their patients. *Cashio,* 378 So.2d at 184 (holding the definition of treatment includes "the furnishing of a clean and sterile environment for all patients"). There can be no dispute that allegations concerning a hospital's failure to provide a clean and sterile environment, which is the exact allegation in this case, amount to an alleged dereliction of professional skill related to the treatment of patients.

### ii. Expert medical evidence is needed to determine if appropriate standard of care was breached by TUHC.

The standard of care required of a hospital in providing for sterility of its facility and the equipment utilized in endoscopic procedures is not common knowledge and cannot be inferred by a lay jury. This is evidenced by the fact that a lay jury would not be familiar with local, state and internal regulations and procedures for ensuring the sterility of a hospital and its equipment. Expert testimony will be needed to establish the standard of care in performing endoscopic procedures and whether there was a breach of the standard of care in the methods it utilized in performing the procedures at issue.

### iii. Alleged act or omission involved assessment of the patient's condition.

While one may argue a patient's contraction of a serious illness, such as Hepatitis or HIV, does not involve the assessment of a patient's condition, the allegations in Plaintiffs' Petitions establish the contraction of any alleged illness occurred during the treatment and assessment of Plaintiffs, all of whom were purported patients, during the endoscopic procedures at issue.

### iv. Alleged incidents took place in context of physician-patient relationship and within the scope of activities which a hospital is licensed to perform.

The fourth *Coleman* factor is satisfied as there can be no dispute that the very procedure at issue in this case constitutes and is within the scope of activity which TUHC is licensed to perform.

### v. Any alleged injuries would not have occurred in this manner if the patient(s) had not sought treatment at TUHC.

As specified in their Petition, plaintiffs were purported patients at TUHC receiving medical treatment. As such, common sense indicates that a claim based on failure to properly perform the endoscopic procedure, i.e. provide adequate care for patients, is specifically linked to treatment. *Coleman,* 813 So.2d at 315.

### vi. The alleged tort was not intentional.

The sixth and final Coleman factor is satisfied as the plaintiffs' do not allege TUHC committed an intentional tort. Applying all of the *Coleman* factors to the facts and allegations of this case establishes the plaintiffs are alleging an unintentional tort based on the professional services that a hospital is licensed to perform, or which should have been rendered by TUHC to its patients. As such, the Louisiana Medical Malpractice Act applies to this matter.

**B.     The jurisdictional amount for removal under 28 U.S.C. § 1332(a) is satisfied.**

In order for federal jurisdiction to be present under 28 U.S.C. § 1332(a), the amount in controversy for at least one of the plaintiffs must exceed $75,000.  The defendant need only

show by a preponderance of the evidence that the jurisdictional amount is met. *Gibson v. Canal Ins. Co.*, 2004 U.S. Dist. LEXIS 4666 (E.D. La. Mar. 18 2004). A defendant can meet this burden either by showing that it is facially apparent from the nature and amount of the claims that they are likely to be above the requisite amount, or by setting forth the facts which would support a finding of the requisite amount. *Id.*

Under La. C.C.P. Art. 893(a)(1) as amended by Acts 2004, No. 334, **if a claim is for less than the requisite amount for the exercise of federal jurisdiction, plaintiff is <u>required</u> to so allege in the petition**. Here, the original Petition, the First Amended and Supplemental Petition, and the Second Amended and Supplemental Petition contain no such limitation. This omission may be taken into account to tend to show that the claim is intended to exceed the federal jurisdictional amount. *See Haydel v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 122272 (M.D. La. June 10, 2008) at *21 ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional amount determination").

Further the facts pled in the petition, taken as true for this purpose, support finding that the jurisdictional amount is met. Plaintiffs allege that each of the named plaintiffs was exposed to equipment that was tainted with microorganisms capable of causing life-threatening diseases, including HIV, hepatitis B and hepatitis C, and that Plaintiffs suffer from fear of contracting those diseases.

- In *Cotita v. Pharma-Plast, U.S.A., Inc.*, 974 F.2d 598 (5th Cir. 1992), while providing nursing services to an AIDS patent, a nurse was stuck by a syringe manufactured by the Defendant. The syringe, still in its sterile packaging, was missing the protective cap that normally covers the tip of the needle. Because of the presence of the patient's blood on

the nurse's gloves at the time of the stick, Plaintiff feared exposure to the HIV virus. Although reduced by comparative fault, the jury award was in the amount of **$150,000.00.**

- In *Emery v. Owens-Corporation*, 00-2144 (La. App. 1 Cir. 11/9/01), 813 So.2d 441, the jury awarded **$200,000** for his past, present & future mental anguish which included plaintiff's fear of contracting cancer as a result of his exposure to asbestos.  Plaintiff had suffered asbestosis.

- In *David v. Our Lady of Lake Hosp., Inc.* 2002-1945 (La. App. 1 Cir. 6/27/03), 857 So.2d 529, the trial judge awarded plaintiff, who had contracted hepatitis C, **$632,000** for mental pain and suffering; and **$895,000** for emotional distress, fear of cancer, and loss of enjoyment of life.

- In *Dodson v. Community Blood Center*, 633 So.2d 252 (La. App. 1st Cir. 1993), the trial judge awarded **$275,000** due to contracting hepatitis C through blood transfusions. $50,000 was for loss of enjoyment of life and past pain and suffering, $75,000 was for past mental anguish, and $150,000 was for future mental anguish.

In light of the foregoing, once again, accepting Plaintiffs' allegations as true for this purpose, by a preponderance of the evidence, Plaintiffs have placed into controversy in excess of $75,000, satisfying the jurisdictional amount in controversy under 28 U.S.C. § 1332(a).

**D.     This removal is timely.**

This suit was filed on March 14, 2011, in the Civil District Court, in and for Orleans Parish, Louisiana, and is now pending in that court.  Plaintiffs filed their First Supplemental and Amending Petition, adding additional plaintiffs, on or about April 5, 2011.  Plaintiffs filed their

Second Supplemental and Amending Petition, adding defendant, GE Healthcare, on June 29, 2011.[7]

On information and belief, TUHC was served with a copy of the Second Supplemental and Amending Petition on July 7, 2011.  According to the Orleans Parish Clerk of Court's office, GE Healthcare was served with a copy of the Second Supplemental and Amending Petition on July 19, 2011.

The case stated by the Plaintiffs' original Petition, and Plaintiffs First Supplemental and Amending Petition, was not removable.  The basis for Federal jurisdiction did not exist until after the defendants were served with the Second Supplemental and Amending Petition for damages, which added the diverse defendant, GE Healthcare.  Thus, this Notice of Removal was timely filed within the 30-day deadline set forth in 28 U.S.C. §1446(b).

This action is one over which the district courts of the United States are given original jurisdiction. The value of the matter in controversy exceeds $75,000. There is complete diversity of citizenship between the plaintiffs and all viable defendants remaining in this action. No remaining defendant is a citizen of the State of Louisiana. The time within which removal must be effected has not expired.

A list of all parties, and all attorneys and the parties they represent, in the state court proceedings is attached to this Notice as Exhibit "10".

A copy of all process, pleadings, and orders served on GE Healthcare, the removing defendant, is attached as Exhibit "11-1" through "11-3", *in globo*.

---

[7] Plaintiffs also served the original Petition and each supplemental and amending petition on The Administrators of the Tulane Educational Fund d/b/a Tulane University Medical Center and/or Tulane University Health Sciences Center, and Health Care Indemnity, Inc.  Plaintiffs have not named these entities as defendants, nor have Plaintiffs alleged that these parties are liable to Plaintiffs.  The precise relationship between these entities and TUHC is not alleged.

A certified copy of the entire state court record has been obtained from the Clerk of Court for the Civil District Court for the Parish of Orleans, and is attached *in globo* as Exhibits 12-1 and 12-2.

Written notice of this removal has been served on counsel for the Plaintiffs by facsimile transmission, and by placement in the United States Mail, properly addressed and postage pre-paid.

Written notice of this removal has been served on counsel of record for the defendants, as set forth on the attached List of Attorneys and Parties in State Court Action, by electronic mail. Health Care Indemnity, Inc., is apparently not a defendant, and not represented by counsel. Written notice of removal has nevertheless been served on Health Care Indemnity, Inc., by U.S. mail to its agent for service of process in Louisiana.

A copy of this removal is being filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana, by facsimile and by hand delivery.

ACCORDINGLY, the defendant, GE Healthcare, asks that this matter proceed in the United States District Court for the Eastern District of Louisiana, as a matter properly removed.

Respectfully Submitted,

**COTTEN SCHMIDT & ABBOTT, L.L.P.**


s/Charles H. Abbott
**CHARLES H. ABBOTT**      (La.  Bar No. 27930)
**BYRON D. KITCHENS**      (La. Bar No. 25129)
**RYAN C. WALLIS**      (La. Bar No. 28259)
650 Poydras Street, Suite 2810
New Orleans, Louisiana  70130
Telephone:  504/568-9393
Facsimile:   504/524-1933
**Counsel for GE Healthcare IITS USA Corp.**