UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ELAINE ROBIHO, ET AL.**      **CIVIL ACTION**

**VERSUS**      **No. 11-1901**

**UNIVERSITY HEALTHCARE SYSTEM,**      **SECTION I**
**L.L.C., ET AL.**

## ORDER

Before the Court is a motion[1] to remand filed by plaintiffs, Elaine Robiho, Azalee Graham, Elias Algawares, Victor Harper, and Limmie Sibley, III. Defendant, GE Healthcare IITS USA Corp. ("GE Healthcare"), has filed an opposition.[2] GE Healthcare has also filed a motion to stay the motion to remand.[3] For the following reasons, plaintiffs' motion to remand is **GRANTED**. GE Healthcare's motion to stay the motion to remand is **DENIED**.

### *BACKGROUND*

As alleged in their complaint, plaintiffs consist of a class of persons exposed to infectious diseases while undergoing endoscopic treatment under the care of defendant, University Healthcare System, L.L.C., doing business as Tulane University Medical Center and Indemnity Clinic ("TUHC").[4] Plaintiffs allege that TUHC failed to properly disinfect the endoscopes used during their treatment.[5] Specifically, plaintiffs allege that one of several steps for disinfecting

---

[1] R. Doc. No. 7.

[2] R. Doc. No. 16.

[3] R. Doc. No. 22.

[4] R. Doc. No. 1-1, Ex. 1.

[5] R. Doc. No. 1-1, Ex. 1.

the endoscopes had not been performed at the appropriate temperature.[6] After their treatment, plaintiffs claim they received a notice from TUHC informing them that they may have been exposed to HIV, hepatitis B, and hepatitis C.[7] The notice recommended that they be screened for these diseases and submit to medical monitoring.[8]

Plaintiffs filed suit against TUHC on March 14, 2011 in state court claiming damages for mental anguish, fear and fright, embarrassment, medical expenses, loss of enjoyment of life, and pain and suffering.[9] The case was consolidated for trial with other state court cases containing similar allegations against TUHC.[10] Those cases are currently pending before Judge Paulette R. Irons of the Orleans Parish Civil District Court.[11]

On June 29, 2011, plaintiffs added GE Healthcare as a defendant, asserting that it failed to implement a plan to ensure proper sterilization of the endoscopic equipment used at TUHC.[12] GE Healthcare removed the case to federal court on the basis of diversity jurisdiction.[13] Although GE Healthcare is diverse from plaintiffs, the other named defendant, TUHC is a non-diverse defendant domiciled in Louisiana.[14]

---

[6] R. Doc. No. 1-1, Ex. 1, ¶5.

[7] R. Doc. No. 1-1, Ex. 1 ¶5.

[8] R. Doc. No. 1-1, Ex. 1 ¶5.

[9] R. Doc. No. 1-1, Ex. 1 ¶6.

[10] R. Doc. No. 1-1, Exs. 2, 3, 4, 5, 6.

[11] R. Doc. No. 1.

[12] R. Doc. No. 1-1, Ex. 7 ¶7.

[13] R. Doc. No. 1.

[14] R. Doc. No. 1-1, Ex. 7 ¶7.

GE Healthcare claims that TUHC was improperly joined as a defendant and its citizenship should be disregarded.[15] GE Healthcare bases that contention on the fact that plaintiffs did not obtain a decision by a medical review panel prior to filing their malpractice claims against TUHC.[16] For the same reasons, TUHC filed its own motion to dismiss arguing that the claims against it were premature.[17]

Plaintiffs filed the present motion to remand arguing that TUHC was not improperly joined.[18] Plaintiffs argue that their claims against TUHC are based on principles of general tort law, not medical malpractice, and that such claims do not require review by a medical review panel.[19] Plaintiffs contend that TUHC remains a viable defendant whose presence in this action destroys diversity among the parties.[20]

On September 1, 2011, plaintiffs advised this Court that Judge Irons denied an exception of prematurity filed by TUHC with respect to the consolidated proceedings in state court.[21] GE Healthcare provided the Court with a transcript of the hearing in which the court determined that the allegations gave rise to general tort law claims, not "medical malpractice" claims subject to the requirement of prior review by a medical review panel.[22] GE Healthcare advised the Court that it plans to appeal that ruling and it requested that this Court stay the plaintiffs' motion to

---

[15] R. Doc. No. 1.

[16] R. Doc. No. 1.

[17] R. Doc. No. 12.

[18] R. Doc. No. 7.

[19] R. Doc. No. 7-1.

[20] R. Doc. No. 7-1.

[21] Letter from Darleen M. Jacobs to Judge Africk (Sept. 1, 2011) (on file with the Court).

[22] R. Doc. No. 26-1.

remand.[23]  For the following reasons, the Court finds that TUHC was not improperly joined as a defendant and it declines to stay its decision to remand this case to Orleans Parish Civil District Court.

*LAW*

As this Court stated in *Amaya v. Holiday Inn New Orleans—French Quarter*, No. 11-1758, 2011 WL 4344591 (E.D. La. Sept. 15, 2011) (Africk, J.):

> When a non-diverse party is properly joined as a defendant, a federal court lacks subject-matter jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the case may not be removed from state court. However, a defendant may remove the case by showing that the non-diverse party was improperly joined. *R.C. Tippen v. Republic Fire and Cas. Ins. Co.,* 2007 WL 4219352, at *2 (E.D. La. Nov.28, 2007) (Vance, J.) (citing *Smallwood v. Ill. Cent. R.R. Co. .,* 352 F.3d 220, 222 (5th Cir. 2003)).
> A defendant may establish improper joinder by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant. *Id.* (citing *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th Cir. 2003)). As defendants have not alleged actual fraud in the plaintiff's pleading of jurisdictional facts, the Court will consider only the second test for improper joinder.
> Because the doctrine of improper joinder is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id.* In order to show that the plaintiff is unable to establish a cause of action against the non-diverse defendant, the defendant claiming improper joinder must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *C.S. Gaidry, Inc. v. Union Oil Co. of Cal.,* 2009 WL 2765814, at *2 (E.D. La. Aug.27, 2009) (Vance, J.) (quoting *Smallwood,* 385 F.3d at 573).
> The Court may use two different methods to assess the viability of plaintiff's claim against the non-diverse party. *Id.* First, the Court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state

---

[23] R. Doc. No. 22-1.

4

> defendant." *Id.* (quoting *Smallwood,* 385 F.3d at 573). Such analysis will typically be determinative. *Id.* Nevertheless, if it is apparent that the plaintiff has "misstated or omitted" determinative facts that would establish whether joinder was proper or improper, "the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* (quoting *Smallwood,* 385 F.3d at 573). In conducting such inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (quoting *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003)). Additionally, the Court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

### *ANALYSIS*

**I.      Motion to Remand**

Plaintiffs argue that the case should be remanded because there is a reasonable basis for the Court to predict that they might be able to recover under general tort law theories against the in-state defendant, TUHC.[24] GE Healthcare responds that there is no possibility for plaintiffs to recover against TUHC because the allegations constitute malpractice claims that must first be presented to a medical review panel.[25]

The Louisiana Medical Malpractice Act ("LMMA") requires that "medical malpractice" claims against a qualified health care provider be presented to a medical review panel prior to the filing of an action in court. La. R.S. § 40:1299.47(B)(1)(a)(i) ("No action against a health care provider . . . may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel."). Unless the parties agree to waive this requirement, a malpractice suit commenced before a medical review panel's ruling is subject to an exception of prematurity. *Bennett v. Krupkin,* 814 So.2d 681, 685 (La. Ct. App. 2002); *see* La. Code Civ. Proc. Ann. art. 933 ("If the dilatory exception pleading prematurity is sustained, the premature . .

---

[24] R. Doc. No. 7-1.

[25] R. Doc. No. 16.

. claim . . . shall be dismissed."). *See also Senia v. Pfizer, Inc.*, No. 06-1997, 2006 WL 1560747, at *3 (E.D. La. May 23, 2006) (Africk, J.) ("[A] non-diverse defendant is improperly joined if plaintiffs' claim is premature at the time of removal.").

However, the LMMA's requirement of prior review by a medical review panel "applies only to 'malpractice;' all other tort liability on the part of a qualified heath care provider is governed by general tort law." *Coleman v. Deno*, 813 So.2d 303, 315 (La. 2002). The Louisiana Supreme Court determines whether conduct constitutes "malpractice" subject to the LMMA by considering the following six factors:

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill,
> (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
> (3) whether the pertinent act or omission involved assessment of the patient's condition[,]
> (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
> (5) whether the injury would have occurred if the patient had not sought treatment, and
> (6) whether the tort alleged was intentional.

*Id.* at 315-16. When applying these factors, the Louisiana Supreme Court recognizes that "the LMMA's limitations on the liability of health care providers are special legislation in derogation of the rights of tort victims, and as such, the coverage of the act should be strictly construed." *Blevins v. Hamilton Med. Ctr., Inc.*, 959 So. 2d 440, 444 (La. 2007) (citing *Sewell v. Doctors Hosp.,* 600 So. 2d 577, 578 (La.1992)).

On September 1, 2011, the Orleans Parish Civil District Court weighed the *Coleman* factors and held that the related claims against TUHC do not fall within the scope of the LMMA. The court concluded that the first, second, third, and fifth *Coleman* factors were not satisfied. First, the court held that a failure to disinfect endoscopes prior to using them to treat patients is

6

not "treatment related or caused by a dereliction of professional skill."[26] Second, the court held that expert medical testimony would not be required to establish that TUHC employees failed to follow the sterilization procedures.[27] Third, the court held that disinfecting endoscopes does not involve assessment of a patient's condition.[28] Finally, the court held that the fifth factor was not satisfied because the plaintiffs had sought endoscopic treatment for medical conditions that were unrelated to the injuries claimed in their suit against TUHC.[29]

Considering the facts in the light most favorable to plaintiffs, the Court cannot find that GE Healthcare has sustained the heavy burden of showing that there is "no possibility" for plaintiffs to recover against TUHC. The fact that Orleans Parish Civil District Court denied TUHC's exception of prematurity confirms this conclusion. Although that ruling is not binding, and may ultimately be overturned, the court's analysis of the *Coleman* factors provides a reasonable basis to believe that the claims do not fall within the "strictly construed" coverage of the LMMA. *See Blevins*, 959 So. 2d at 444; *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) (explaining that any ambiguity or uncertainty in state law must be construed in the non-removing party's favor when deciding whether a defendant is improperly joined). Because there is a reasonable basis for believing that the claims against TUHC can proceed without prior review by a medical review panel, the Court finds that TUHC was not improperly joined as a defendant. Accordingly, the case must be remanded for lack of subject-matter jurisdiction.

**II.    Motion for Stay**

---

[26] R. Doc. No. 26-1 pp. 3-8.

[27] R. Doc. No. 26-1 pp. 8-11.

[28] R. Doc. No. 26-1 pp. 11-12.

[29] R. Doc. No. 26-1 pp. 18-20.

Recognizing that the Louisiana courts of appeals may eventually decide that a failure to properly sterilize endoscopic equipment qualifies as medical care subject to the LMMA, GE Healthcare requests that the Court stay its decision on plaintiffs' motion to remand. The Court's broad discretionary power to stay proceedings in the interest of justice and to control its docket is not unbounded. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-45 (5th Cir. 1983). Proper use of this authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 545 (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). "[B]efore granting a stay pending the resolution of another case, the court must carefully consider the time reasonably expected for resolution of the 'other case,' in light of the principle that 'stay orders will be reversed when they are found to be immoderate or of an indefinite duration.'" *Wedgeworth*, 706 F.2d at 545 (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982)). Moreover, the burden is on the party seeking a stay to justify "a delay tagged to another legal proceeding." *Wedgeworth*, 706 F.2d at 545.

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Id.* (quoting *Landis*, 299 U.S. at 255).

The Court finds that the interests of justice and judicial economy would not be served by staying a decision on plaintiffs' motion to remand. Defendants have made no showing of hardship or inequity in having to go forward with this case in state court. In contrast, the process of obtaining appellate review from the Louisiana courts of appeals could take months. It makes little sense to hold plaintiffs' case in federal court while related cases proceed in state court to

8

"settle the rule of law." *See Landis*, 299 U.S. at 255. Having found that it lacks subject-matter jurisdiction over the case, the Court declines to stay its decision on the motion to remand.

### III.     Attorney's Fees

Plaintiffs request that the Court award their attorney's fees and costs incurred as a result of GE Healthcare's removal of this case. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The U.S. Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* at 141. The Court must "evaluate the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

Given the uncertain scope and coverage of the LMMA, the Court finds that defendants had an objectively reasonable basis to believe that TUHC was improperly joined as a defendant. Plaintiffs have not demonstrated that GE Healthcare removed the case "without thoroughly examining the jurisdictional facts supporting removal,"[30] and make no argument that "unusual circumstances" justify an award of costs and attorney's fees. The Court, therefore, declines to order payment of plaintiffs' costs and attorney's fees resulting from the removal of this action.

Accordingly,

---

[30] R. Doc. No. 7-1 p.5.

9

**IT IS ORDERED** that the motion[31] to remand is **GRANTED** and that that this cause of action is **REMANDED** to Orleans Parish Civil District Court.

**IT IS FURTHER ORDERED** that GE Healthcare's motion[32] to stay disposition of the motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that TUHC's motion[33] to dismiss party is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiffs' motion[34] for leave to file a supplemental memorandum in opposition to defendant's motion to stay is **DISMISSED AS MOOT**.

New Orleans, Louisiana, October 6, 2011.

                                        **LANCE M. AFRICK**
                               **UNITED STATES DISTRICT JUDGE**

---

[31] R. Doc. No. 7.

[32] R. Doc. No. 22.

[33] R. Doc. No. 12.

[34] R. Doc. No. 24.